IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SERGIO DE HOYOS,**<br><br>**Plaintiff**<br><br>v.<br><br>**BAXTER HEALTHCARE CORPORATION; BAXTER HEALTHCARE, S.A, ABC INSURANCE COMPANY, INC.,**<br><br>**Defendants** | **CIVIL NO.**<br><br>**UNJUST DISMISSAL; FAMILY MEDICAL LEAVE ACT (INTERFERENCE AND RETALIATION); LOCAL LAWS**<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Sergio De Hoyos ("Sergio"), through the undersigned attorneys, and very respectfully alleges, states and prays:

**I. NATURE OF THE ACTION AND JURISDICTION**

1. This action is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601-54 for the employer's interference with Sergio's right to reinstatement following the leave; for the employer's retaliation in terminating Sergio's employment after returning from leave; Act No. 115 of December 20, 1991; the Puerto Rico Unjust Dismissal Act, Law No. 80 of May 30, 1976, and Act No. 139 of June 26, 1968, 11 L.P.R.A. § 201 et seq., (Act for Temporary Disability Benefits) seeking compensatory, double, liquidated and punitive damages and equitable and injunctive relief to seek redress for defendants' discrimination on the basis of his medical condition and retaliation against Sergio, as well as compensation for wrongful discharge under Law No. 80 and for violations of FMLA.

1

2. This court has jurisdiction to entertain this action pursuant to the Family Medical Leave Act (FMLA) of 1993 and its Anti-Retaliation protections, 29 U.S.C. § 2601 et seq. as amended and under 28 U.S.C. 1331 and 1337 in that the matter in controversy arises under an Act of Congress regulating commerce and it exceeds the sum of $75,000.00. Also, jurisdiction lies under 28 U.S.C. 2201 and 2202.

3. The Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The local claims in this action are based upon Act No. 80 of May 30, 1976, as amended, 29 Laws of PR Anno. 185 et seq., Act No. 115 of 1998 (retaliation), and Act No. 139 of June 26, 1968, 11 Laws of PR Anno. 201 et seq.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2), as the defendants reside in Puerto Rico and all the discriminatory and retaliatory employment practices alleged were committed within the judicial district comprising the Commonwealth of Puerto Rico.

## II. THE PARTIES

5. Sergio is of legal age, male, a citizen of the United States and a resident of Mayagüez, Puerto Rico.

6. Sergio is an "eligible employee" under FMLA, 29 U.S.C. § 2611(2)(A)(i)(ii).

7. Sergio is an "employee" under the above cited Puerto Rico Laws Nos. 80, 139, and 115.

8. Sergio is an employee under all of the federal and local statutes upon which he bases his requests for relief.

2

9. Baxter Healthcare Corporation, is a foreign corporation authorized to conduct business under the laws of the Commonwealth of Puerto Rico. Its address is 530 Road # 5 Building #1, Cataño, Puerto Rico. Its mailing address is Call Box 2131, Caparra Heights Station, San Juan, PR 00922-2131. Its resident agent is CT Corporation System. Its telephone number is 787-275-3023. Its resident agent is CT Corporation System.

10. Baxter Healthcare S.A. is a foreign corporation organized under the laws of Switzerland. Baxter Healthcare S.A. is dedicated to the manufacture and sale of medical devices, compound products and other medical accessories including solutions and medicines.

11. Baxter Healthcare Corporation and Baxter Healthcare S.A.'s addresses and phone numbers are the same.

12. Baxther Healthcare Corporation and Baxter Healthcare S.A. are joint employers of Sergio or can be considered as a single employer as they exercised sufficient control over the conditions of employment of Sergio and of his termination.

13. Baxther Healthcare Corporation and Baxter Healthcare S.A. will be referred jointly as "Baxter" through this Complaint.

14. At all times relevant herein, Baxter has been Sergio's employer.

15. Baxter employs more than 1000 employees on a monthly basis.

16. ABC Insurance Company, Inc. is a company which, based on information and belief, provided insurance coverage to Baxter for the claims alleged herein.   Sergio files a direct claim against the insurance company, as permitted by the Insurance Code of Puerto Rico. Because Sergio is unaware of the name of this insurance company, once its identity has been determined, Sergio will move to amend the pleadings in the case to substitute the name of the Insurance Company.

### III. THE FACTS

17. Sergio repeats and incorporates by reference each and every preceding allegation as if fully set herein.

18. Sergio began working for Baxter on April 1, 1985 as Manufacturing Supervisor at the Baxter McGaw Laboratories Plant in Sabana Grande, Puerto Rico. From that date on, Sergio worked in various divisions of Baxter, until January 15, 1993, when he departed to work elsewhere.

19. During the 2016 year, Baxter approached Sergio and offered him the position of Quality Director.

20. Sergio returned to work for Baxter on January 9, 2017 as Quality Director, at the Baxter plant located in Jayuya, Puerto Rico. Sergio was hired with the same employee number he had in 1985.

21. As part of his duties and responsibilities, as Quality Director, Sergio was in charge of the daily operations of the Quality department including the preparation of the plant to manage inspections of the U.S. Food and Drug Administration (FDA).

22. On March 13, 2018, Sergio requested and was granted a Family Medical Leave Act license and another license under the Act for Temporary Disability Benefits (SINOT) for six months in total, until September 6, 2018.

23. Sergio reported to work as scheduled upon conclusion from his licenses on Friday, September 7, 2018. Following the protocol at Baxter for the return of employees following a medical leave, Sergio underwent a medical evaluation at the plant site, conducted by the occupational doctor of Baxter's medical dispensary. The doctor found Sergio was

medically fit to return to work. Sergio then contacted his supervisor to inform him he was ready to be reincorporated to this duties at Baxter. The doctor told Sergio to return to work on September 10, 2018.

24. After receiving the medical approval to return to work, Sergio was informed he had to take the necessary trainings for his return to work.

25. On Monday, September 10, 2018 Sergio met with the person in charge of the training he needed, in order to start working. Then Sergio walked to his office to connect via his computer to the training modules to take the in line trainings he needed to take.

26. Sergio arrived at his office but was surprised his office was being occupied by another person that had been recruited as Quality Director, that was in fact supervising all the personnel he used to supervise before taking his medical leave.

27. In view of the above situation, Sergio walked to his supervisor's office to talk about the status of the department, and current issues and priorities for him to focus now that he was back to his positions. Also, Sergio asked his supervior what was going to happen with his position, if he was planning to change any reporting, if the new Quality Director was going to be reporting directly to him or to Sergio, and what were Baxter's plan to give him his job position back. His supervisor told Sergio that he should continue to read the procedures and protocols, that he should be up to date with the trainings and that once he finalized the training sessions, he would speak with him about his questions.

28. Sergio took all training sessions during September 10th and 11th relating to the new procedures he needed to be updated to.

29. On September 12, 2018, Sergio reported again to work, to continue his training. However, prior to commencing his work, his supervisor Eddie Carrillo told him he needed to talk to him, and that he should come to his office.

30. When Sergio arrived, present at his supervisor's office was Human Resources Director Tayyib Rashid. At the meeting, Mr. Rashid told him that effective that day, he had been terminated, and that he should return all company property. Sergio proceeded to deliver to both his supervisor and the HR Director his computer, his corporate ID, and the keys and credit cards he possessed.

31. The close temporal proximity between the licenses and the adverse employment action constitutes a causal link between the protected activity and Sergio's termination.

32. The employer's conduct was willful and in reckless disregard of Sergio's federally and locally protected rights. Thus liquidated and/or punitive damages are hereby requested.

33. Sergio's termination from employment was without just cause in violation of Law No. 80 and in retaliation against him for engaging in protected conduct under FMLA and SINOT as well as in retaliation for requesting leave under FMLA and under State Law 115.

34. Prior to his termination, Sergio had not been admonished or disciplined for any reason.

35. In fact in March of 2018, Sergio had received 100% of his Bonus due to his performance.

36. In March of 2018, Sergio received an increase of 2.4% in his salary. Only performing employees receive salary increases of this type.

37. After As a result of defendant's discriminatory and retaliatory conduct, Sergio has suffered severe emotional and economic damages (in the form of loss of income and benefits at a rate in excess of $300,000.00 per year, forfeiture of accrued benefits and compensatory damages such as mental suffering and anguishes.

38. Defendants are liable for all of the damages caused to Sergio as a result of the discriminatory and retaliatory conduct related herein.

## I.  FIRST CAUSE OF ACTION
**(Violation to Family Medical Leave Act; Retaliation)**

39. Sergio repeats and incorporates by reference each and every preceding allegation as if fully set herein.

40. Sergio requested leave for a personal health conditions under FMLA.

41. The employer granted Sergio the leave requested.

42. When an employee returns from an FMLA license, the employee must be restored to the same position he held prior to the leave or to an equivalent position.

43. Defendant retaliated against him for requesting FMLA leave, failing to restore him at work and terminating his employment.

44. Under FMLA, Baxter is liable to Sergio for lost pay and benefits, plus interests calculated at the prevailing rate.

45. Sergio claims an amount in compensation for the violation of FMLA of no less than One Million Dollars ($1,000,000.00) for this cause of action, plus reasonable attorney's fees.

46. Under FMLA, Sergio is also entitled to receive from Baxter twice the amount claimed in the preceding paragraphs as a penalty because there was a willful violation of the law.

## II. SECOND CAUSE OF ACTION
**Violation of SINOT**

47. Sergio repeats and incorporates by reference each and every preceding allegation as if fully set herein.

48. Act No. 39 of June 26, 1968, 11 L.P.R.A. § 201 et seq. was promulgated with the purpose of offering insured workers certain benefits on account of their absence from employment due to a non working related disability.

49. Sinot requires employers to reserve the employee's job and to place the employee in the same position he had when he left his work due to a disability.

50. Sergio requested to be restored to his position within the time frame provided by the statute, and he met all the requirements for his return to work.

51. Baxter breached its obligations to restore Sergio to his position, in violation of the statute.

52. Sergio is entitled to receive a monetary compensation for all his damages suffered on account of the violation of Baxter of his restoration rights, plus a similar amount as a penalty.

53. Sergio claims an amount of no less than One million Dollars ($1,000,000.00) for this cause of action, plus reasonable attorney's fees.

### III. THIRD CAUSE OF ACTION
### RETALIATION

54. The allegations contained in paragraph 1 through 53 of this Complaint are incorporated herein by reference as if fully set forth herein by the Plaintiff.

55. Baxter retaliated against Sergio for requesting Leave under the FMLA and SINOT.

56. Requesting leave is a protected action under law.

57. Sergio was terminated as direct result of the leave requested. Sergio engaged in "protected conduct" under SINOT, Law No. 115 and FMLA.

58. As a result of engaging in protected conduct, defendants retaliated against Sergio in violation of the above laws.

59. Sergio has suffered severe emotional and economic damages as a result of defendants' retaliation against him.

60. Baxter is liable to Sergio for double the backpay, economic, emotional and special damages and continuous loss of income caused as a proximate result of defendants' discriminatory conduct, together with an award of costs and attorneys' fees.

61. Baxter is liable to Sergio for all damages suffered on account of the retaliatory termination, plus an equal sum for liquidated damages.

## IV.  FOURTH CAUSE OF ACTION
### (Wrongful Discharge Under Law No. 80)

62. Sergio repeats and incorporates by reference each and every preceding allegation as if fully set herein.

63. Sergio was discharged without just cause by Baxter, in violation of Law No. 80.

64. As a result of Sergio's unjust discharge, he is entitled to indemnity under Law No. 80.

65. The highest salary received by Sergio prior to his termination was $270,468.06.

66. Sergio worked for Baxter for nine years.

67. Based on the term of employment, Sergio has the right to receive, under law a severance of three months pay ($67, 617.00) plus eighteen weeks of salary (93, 623.56), for a total of $161,240.56, plus reasonable attorney's fees of $40,310.14, plus interest from the time of the termination until the time of payment.

## DEMAND FOR JURY TRIAL

68. Sergio hereby demands that all of his causes of action be tried before a jury.

   **WHEREFORE**, all premises considered, Sergio prays from this Honorable Court the following relief:

   1. To enter declaratory judgment stating that the acts complained herein are in

violation of FMLA, SINOT, Puerto Rico Act No. 80, and Act No. 115.

2. That plaintiff be compensated for all his economic in a sum not less than $2,000,000.00.

3. That Plaintiff be compensated with for all the mental suffering and damages suffered in a sum of no less than $2,000,000

4. Double compensatory, emotional and economic damages under FMLA retaliation, and PR Laws Nos. 139, and 115;

5. An award of punitive damages;

6. Severance pursuant to Law No. 80 in the amount of $161,240.565, plus costs and attorneys' fees and interest from the time of termination until time of payment;

7. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements;

8. That plaintiff be reinstated to his position, with restitution of loss salaries, benefits and in the alternative, front pay.

9. Prejudgment interests; and

10. Any other remedies which this court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 8th day of April, 2019.

---

**MANUEL PORRO-VIZCARRA LAW OFFICES**
Calle Escorial 382
Urb. Caparra Heights
San Juan, P.R. 00920
Telephone 787-774-8200
Facsimile 787-774-8297

Attorneys for Plaintiff

---

**/S/Manuel Porro-Vizcarra**
USDC # 207006
Email: mpv@mpvlawpr.com

**/S/Myrmarie Laborde**
USDC-PR # 226107
Email: ml@mpvlawpr.com